NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHEPITO HILTON, | : | |
|     Plaintiff, | : | Civil Action No. 04-6420 (JAG) |
| | : | |
|     v. | : | OPINION |
| | : | |
| CHRISTINE TODD WHITMAN, et al., | : | |
| | : | |
|     Defendants. | : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted by all Defendants (collectively, "Defendants"). For the reasons set forth below, this motion will be granted in part and denied in part.

**INTRODUCTION**

This case arises out of a motor vehicle stop that occurred on September 22, 1995. Plaintiff alleges that Defendant Jeffrey Kronenfeld is a member of the New Jersey State Police, and that, based on racial profiling, Kronenfeld stopped the car in which Plaintiff was riding. Plaintiff alleges that Kronenfeld fired his service revolver and hit Plaintiff in the leg. Plaintiff was arrested on drug charges, to which he pled guilty, and he was convicted and sentenced. Plaintiff alleges that the charges against him were later administratively dismissed, and that his conviction was vacated "as the unlawful product of racial profiling." (Am. Compl. ¶ 56.)

1

On December 29, 2004 Plaintiff initiated this action by filing a Complaint, with an Amended Complaint filed on June 8, 2005.  The Amended Complaint contains four claims, pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth and Fourteenth Amendment rights, based on unreasonable search and seizure, false arrest and false imprisonment, excessive force, and malicious prosecution.  The Amended Complaint contains a fifth common law claim of negligent delay in vacating Plaintiff's criminal conviction.

Plaintiff named as Defendants, in addition to Kronenfeld: Christine Todd Whitman, John J. Farmer, Jr., Peter Verniero, Deborah T. Poritz, John M. Fahy, Michael Fedorko, Carl Williams, Clinton L. Pagano, Valcocean Littles, Stephen McDougall, Edward Shannon, Robin Blaker, John Repsha, Christopher Andreychak, Matthew Kuehn, Edgar Hess, Thomas Trainor, and George T. Joo.  Plaintiff named every Defendant in both his or her individual and official capacity.

On November 6, 2005, Defendants moved to dismiss Plaintiff's Amended Complaint, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted.  On December 9, 2005, Plaintiff's counsel asked this Court's leave to withdraw.  This request was granted by Magistrate Judge Arleo in her Order of March 3, 2006.  In this Order, Judge Arleo also deemed Plaintiff to be proceeding pro se, and she set April 15, 2006 as the deadline for filing Plaintiff's opposition to the outstanding motion to dismiss.  Plaintiff has filed no opposition papers; Defendants' motion to dismiss is unopposed.

## ANALYSIS

**I.     Governing Legal Standards**

     A.     <u>Standard for a Rule 12(b)(6) Motion to Dismiss</u>

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. <u>See Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. <u>See In re Warfarin Sodium</u>, 214 F.3d 395, 397 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. <u>See Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. <u>See Sutton v. United Airlines, Inc.</u>, 527 U.S. 471, 475 (1999). All reasonable inferences, however, must be drawn in the plaintiff's favor. <u>See Sturm v. Clark</u>, 835 F.2d 1009, 1011 (3d Cir. 1987). Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist. <u>See</u> FED. R. CIV. P. 8(a)(2); <u>Conley</u>, 355 U.S. at 45-46. "The defendant bears the burden of showing that no claim has been presented." <u>Hedges v. United States</u>, 404 F.3d

744, 750 (3d Cir. 2005).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

**II.     Defendants' 12(b)(6) Motion to Dismiss**

   A.     The Eleventh Amendment Bar

Defendants argue first that the Eleventh Amendment to the Constitution bars any suit for damages against the State. The Supreme Court has held that, absent the State's consent to suit, the Eleventh Amendment bars actions for damages in federal court against state officials in their official capacities. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Alabama v. Pugh, 438 U.S. 781, 782 (1978). The § 1983 claims against all Defendants in their official capacities are barred by the Eleventh Amendment and will be dismissed with prejudice.

   B.     Respondeat Superior, Pleading Requirements, and § 1983

Defendants argue that Plaintiff's Amended Complaint fails to satisfy Third Circuit requirements for particularity in pleading personal involvement of every Defendant other than Kronenfeld:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate

particularity.

Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); see also Atkinson v. Taylor, 316 F.3d 257, 270 (3d Cir. 2003) (citing Rode). Plaintiff's Amended Complaint states particular allegations of participation only in regard to Kronenfeld. Plaintiff has failed to state valid claims for relief under § 1983 against any other Defendant. Excepting Kronenfeld, every § 1983 claim against every Defendant will be dismissed without prejudice. Thus, of the § 1983 claims, only the claims against Kronenfeld in his individual capacity shall remain.

    C.    The New Jersey Tort Claims Act

Defendants contend that Plaintiff's negligence claim must be dismissed for failure to plead compliance with the notice provisions of the New Jersey Tort Claims Act, as stated in N.J. Stat. Ann. § 59:8-4. Compliance with these procedural requirements is an essential element of a valid claim, as the Act states: "No action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." N.J. Stat. Ann. § 59:8-3. See also Velez v. City of Jersey City, 180 N.J. 284, 291 (2004) (observing that the Act "expressly bar[s] recovery against a public employee if the notice requirements of the Act are not met."). Count V of Plaintiff's Amended Complaint sets forth no allegations of compliance with the notice requirements of the New Jersey Tort Claims Act, and does not state a valid claim upon which relief can be granted. Count V of Plaintiff's Amended Complaint will be dismissed with prejudice.

Furthermore, Plaintiff's negligence claim is barred by the substantive provisions of the New Jersey Tort Claims Act. The Act immunizes both public entities and employees from

liability for a range of discretionary actions:

> a. A public entity is not liable for an injury resulting from the exercise of judgment or discretion vested in the entity;
> b. A public entity is not liable for legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature;

N.J. Stat. Ann. § 59:2-3.

> a. A public employee is not liable for an injury resulting from the exercise of judgment or discretion vested in him;
> b. A public employee is not liable for legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature;

N.J. Stat. Ann. § 59:3-2. Plaintiff alleges negligence based on a failure to vacate his criminal conviction in a timely manner. This falls within the scope of the statutory protection of actions of a judicial nature, as well as the exercise of discretion by public employees and entities. Because this claim is barred by the substantive provisions of the New Jersey Tort Claims Act, this provides a second basis to dismiss, with prejudice, Count V of Plaintiff's Amended Complaint.

      D.    <u>Defendants' remaining arguments</u>

Defendants argue on a number of grounds that Plaintiff has failed to state a valid claim for relief against Kronenfeld in his individual capacity for § 1983 violations of his Constitutional rights. Defendants overlook the standard under which this Court decides a motion to dismiss: this Court must accept as true all allegations in the Complaint and draw all reasonable inferences, viewing the allegations in the light most favorable to the non-moving party. From this perspective, Defendants' arguments cannot succeed, as they require that this Court reject reasonable inferences that favor the non-moving party. Plaintiff has stated claims that Kronenfeld violated specific Constitutional rights. Viewing the allegations in the light most

6

favorable to Plaintiff, this Court cannot conclude that Kronenfeld is entitled to qualified immunity because his actions were objectively reasonable, nor that he had a reasonable suspicion that Plaintiff might be armed, nor that he had probable cause, nor that he used reasonable force. All these conclusions require inferences that plainly contradict the allegations in the Complaint which this Court must accept as true.

Similarly, regarding the malicious prosecution claim, Defendants argue that Plaintiff cannot prove that he was innocent of the crime. On a motion to dismiss, this Court will view the statement that the government terminated Plaintiff's criminal proceedings in the light most favorable to Plaintiff and infer that he has alleged this element sufficiently.

Lastly, Defendants argue that the claims for punitive damages must be dismissed because Plaintiff has failed to allege any facts that could establish that Kronenfeld showed reckless or callous indifference to the federally protected rights of others. Surely, Plaintiff's allegation that Kronenfeld shot him in the leg without justification states a claim of reckless or callous indifference.

Defendants' motion to dismiss Plaintiff's § 1983 claims against Kronenfeld in his individual capacity will be denied.

## **CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss Plaintiff's Amended Complaint is granted in part and denied in part. As to Count V of Plaintiff's Amended Complaint, Defendants' motion to dismiss is granted, and Count V is dismissed with prejudice. As to every official capacity claim against every Defendant, the motion to dismiss is granted, and every official capacity claim against every Defendant is dismissed with prejudice. As to every

7

individual capacity claim against every Defendant but Jeffrey Kronenfeld, the motion to dismiss is granted, and every individual capacity claim against every Defendant but Jeffrey Kronenfeld is dismissed without prejudice.  As to Plaintiff's § 1983 claims against Jeffrey Kronenfeld in an individual capacity, Defendants' motion to dismiss is denied.  As to the claims dismissed without prejudice, Plaintiff is granted leave to amend the Amended Complaint within 45 days of the filing of this Opinion.

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: May 10, 2006