**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

CHEPITO HILTON,

                 Plaintiff,               Civil Action No. 04-6420(SDW)

    v.

JEFFREY KRONENFELD, ET AL.,

               Defendants.          **OPINION**

                                      January 29, 2008

**WIGENTON, District Judge**

       This matter comes before the Court on a Federal Rule of Civil Procedure 12(c) motion to dismiss the second amended complaint filed by Former Superintendent of the New Jersey State Police Colonel Carl Williams and New Jersey State Trooper Jeffrey Kronenfeld. Chepito Hilton filed opposition to the motion to dismiss. For the reasons stated below, the motion to dismiss is granted in part and denied in part.

**I.**   **Factual Background**

       For purposes of this motion, unless otherwise indicated, the Court will recite and accept as true the allegations presented in the Second Amended Complaint, which was filed on June 20, 2006. The Court makes no findings as to the veracity of Plaintiff's allegations.

       On September 22, 1995, Chepito Hilton ("Plaintiff"), an African American male, was a passenger in a vehicle traveling on Route 80 in Morris County, New Jersey. (Second Amended Complaint ("Sec. Am. Compl." ¶ 41.)) The driver of the vehicle, also an African American male, was driving safely and within the posted speed limit. (Sec. Am. Compl. ¶¶ 42-44.)

       On this date, while patrolling Route 80, Defendant New Jersey State Trooper Jeffrey

Kronenfeld ("Trooper Kronenfeld") stopped the vehicle because Plaintiff and the driver were African American. (Sec. Am. Compl. ¶¶ 45-46, 48.) Trooper Kronenfeld identified the vehicle as a "target vehicle" as he was trained by the Drug Interdiction Training Unit, which promoted racial profiling. (Sec. Am. Compl. ¶ 47.) It was the customary policy, pattern and practice of Defendant New Jersey State Police to engage in unlawful racial profiling, which was revealed in the Report of the Attorney General of the State of New Jersey entitled "Interim Report of the State Police Review Team Regarding Allegations of Racial Profiling." (Sec. Am. Compl. ¶¶ 22, 49.)

Although the driver of the vehicle produced a valid driver's license and vehicle registration, Trooper Kronenfeld, without probable cause, ordered both Plaintiff and the driver to step outside the vehicle. (Sec. Am. Compl. ¶ 50.) Without probable cause, Trooper Kronenfeld frisked the driver and felt several bulges that he apparently believed were illegal drugs. (Sec. Am. Compl. ¶ 51.) Trooper Kronenfeld then handcuffed the driver. (Sec. Am. Compl. ¶ 51.) Thereafter, Trooper Kronenfeld ordered Plaintiff to the rear of the vehicle where he frisked him and found no drugs or weapons. (Sec. Am. Compl. ¶ 52.)

An unmarked vehicle belonging to an off-duty police officer appeared on the scene, at which time Trooper Kronenfeld, without justification, aimed his gun at Plaintiff and ordered him to get on the ground. (Sec. Am. Compl. ¶ 53.) Frightened, Plaintiff dove into the vehicle to shield himself from imminent bodily harm or death. (Sec. Am. Compl. ¶ 54.) Using excessive force, Trooper Kronenfeld discharged his gun and shot Plaintiff in the leg, which was pulled up in front of his chest. (Sec. Am. Compl. ¶ 55.) Petrified, Plaintiff drove away from the scene. (Sec. Am. Compl. ¶ 56.) Plaintiff explained what occurred at the traffic stop at his deposition on January 24, 2007. (Cert. of Benjamin Levine, Ex. D, Transcript of Deposition of Hilton Chepito, January 24, 2007.)

Several days after the traffic stop, Plaintiff voluntarily surrendered to the authorities.  (Sec. Am. Compl. ¶ 56.)  On December 13, 1995, an indictment was filed against Plaintiff charging: (1) possession of cocaine with intent to distribute; (2) possession of cocaine; (3) conspiracy; (4) resisting arrest; (5) eluding; (6) obstructing justice; (7) lawful (*sic*) taking of means of conveyance; (8) aggravated assault on a police officer; and (9) possession of a weapon for an unlawful purpose.  (Sec. Am. Compl. ¶¶ 57, 105.)

Thereafter, Plaintiff filed a motion to suppress the drugs and all other evidence seized as illicit fruits of racial profiling and/or selective enforcement.  (Sec. Am. Compl. ¶ 58.)  The Court denied the motion to suppress.  (Sec. Am. Compl. ¶ 58.)  Consequently, Plaintiff pled guilty to the charge of possession of cocaine with intent to distribute, and the remaining charges against him were dismissed.  (Sec. Am. Compl. ¶ 59.)  On January 3, 1997, Plaintiff was sentenced to ten years imprisonment with three years and four months of parole ineligibility.  (Sec. Am. Compl. ¶ 60.)

Several years after his release, "[o]n December 29, 2003, [P]laintiff's conviction was overturned by order executed by Judge Ahto, dismissing the indictment and vacating the conviction against the [P]laintiff upon motion by the defendant State of New Jersey because colorable issues of racial profiling existed."  (Sec. Am. Compl.  ¶ 118; *see also* Sec. Am. Compl. ¶ 61; Certification of Tamara Rudow, Ex. D, Order Entered by the Honorable Salem Vincent Ahto, J.S.C., in *State of New Jersey v. Chepito Hilton*, No. 95-12-1453, December 29, 2003.)  By affidavit, Deputy Attorney General of the State of New Jersey Paul Heinzel declared "[r]ather than litigating the issues of selective enforcement, whether generally or specifically, in the interests of justice the State hereby moves to vacate the judgments of conviction . . . and to dismiss the indictments with prejudice."  (Certification of Tamara Rudow, Ex. B, Aff. of Paul Heinzel in Support of Motion to Vacate

Convictions, April 19, 2002, ¶ 5.)  During the hearing conducted on November 14, 2003, Judge Ahto stated that he was "not ruling . . . on the merits of anything."  (Certification of Tamara Rudow, Ex. C, Tr. of Proceedings in *State of New Jersey v. Chepito Hilton*, No. 95-12-1453, Nov. 14, 2003.)

On December 29, 2004, Plaintiff filed the Complaint and initiated this civil action alleging violations of his rights guaranteed by the U.S. Constitution and New Jersey common law.  Plaintiff seeks in excess of $20,000,000.00 in compensatory damages as well as punitive damages and attorney's fees and costs.

## II.  Procedural History

In lieu of filing an answer, Defendants moved on March 21, 2005 pursuant to Rule 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief may be granted.  On June 8, 2005, before the motion to dismiss was decided, Plaintiff filed the Amended Complaint.  On June 8, 2005, Plaintiff filed opposition to the motion to dismiss.

On November 7, 2005, before the motion to dismiss was decided, Defendants filed a Rule 12(b)(6) motion to dismiss the amended complaint.  By Order dated December 15, 2005, the Honorable Joseph A. Greenaway, U.S.D.J., denied the motion to dismiss the complaint.  By Order dated May 8, 2006, Judge Greenaway denied in part and granted in part the motion to dismiss the amended complaint and granted Plaintiff leave to file a second amended complaint.  Plaintiff filed the Second Amended Complaint on June 20, 2006.

By Order dated July 5, 2006, this case was reassigned to the Honorable Peter G. Sheridan, U.S.D.J.  On August 7, 2006, Defendants filed the Answer to the Second Amended Complaint.  On August 9, 2006, a motion for partial dismissal of the second amended complaint, pursuant to Federal Rule of Civil Procedure 12(c), was filed by Defendants State of New Jersey, the New Jersey Division

4

of State Police, Former New Jersey Attorney General Peter Verniero ("AG Verniero"), Former New Jersey Attorney General and Chief Justice of the New Jersey Supreme Court Deborah Poritz, Deputy Attorney General John Fahy, Former Superintendent of the New Jersey State Police Colonel Carl Williams ("Colonel Williams"), Former Superintendent of the New Jersey State Police Colonel Clinton Pagano, Former Deputy Superintendent of the New Jersey State Police Valcocean Littles and Trooper Kronenfeld.  In support of the motion, Defendants submitted the Certification of Deputy Attorney General of the State of New Jersey Tamara Rudow with Exhibits A-D and requested that the Court take judicial notice of same pursuant to Federal Rule of Evidence 201.  On September 8, 2006, Plaintiff filed opposition to the motion for partial dismissal of the second amended complaint.

Before the motion for partial dismissal was decided, by Order dated April 12, 2007, Plaintiff voluntarily dismissed several Defendants and claims.  In further support of the motion for partial dismissal of the second amended complaint, Defendants submitted a letter dated April 13, 2007.  On May 30, 2007, the remaining Defendants, namely AG Verniero, Colonel Williams and Trooper Kronenfeld, filed a supplemental brief in further support of their Rule 12(c) motion to dismiss Plaintiff's remaining claims alleging that they are time-barred pursuant to *Wallace v. Kato*, 127 S. Ct. 1091 (2007).

On June 27, 2007, Plaintiff filed opposition to the supplemental brief in further support of the motion to dismiss the second amended complaint and submitted a certification of Benjamin Levine, Plaintiff's counsel, with Exhibits A-J.  On July 13, 2007, before the motion to dismiss the second amended complaint was decided, said remaining Defendants submitted a letter brief in further support of the Rule 12(c) motion to dismiss the second amended complaint.

By Order dated July 20, 2007, this case was reassigned to this Court.  On September 4, 2007,

5

the Court held oral argument wherein Plaintiff dismissed AG Verniero and Count Four of the Second Amended Complaint, which included his 42 U.S.C. § 1983 claim for malicious prosecution. The Court cannot locate another count that includes a claim for malicious prosecution. Notwithstanding this fact, Plaintiff maintains that he has a malicious prosecution claim against Colonel Williams and Trooper Kronenfeld (collectively, the "Current Defendants") in their individual capacities. For this reason, in this Opinion, the Court will decide a malicious prosecution claim pursuant to § 1983, as alleged in Count Four of the Second Amended Complaint, and pursuant to New Jersey common law.

In addition to the malicious prosecution claim, Plaintiff contends the following claims remain: § 1983 claims for false arrest, illegal search and seizure, and false imprisonment as a result of racial profiling; a § 1983 claim for excessive force; a 42 U.S.C. § 1985 claim for race-based conspiracy to deprive Plaintiff of equal protection of the law; a 42 U.S.C. § 1986 claim for failing to prevent the race-based conspiracy; and a 42 U.S.C. § 1988 claim for attorney's fees. These claims are asserted against the Current Defendants in their individual capacities. The § 1983 claims remain only as to the Fourteenth Amendment of the U.S. Constitution; Plaintiff agrees that the decision in *Wallace v. Kato*, 127 S. Ct. 1091 (2007) bars § 1983 claims as to the Fourth Amendment of the U.S. Constitution. This Opinion will not refer to specific counts in the Second Amended Complaint because the counts include dismissed Defendants and claims.

By letter dated January 7, 2008, the Current Defendants submitted further support for the motion to dismiss the second amended complaint.

## III. Jurisdiction/Venue

The Court has jurisdiction over the 42 U.S.C. §§ 1983, 1985, 1986 and 1988 claims pursuant to 28 U.S.C. § 1331. If the malicious prosecution claim is asserted under New Jersey common law,

the Court exercises pendent jurisdiction over it pursuant to 28 U.S.C. § 1367.  Venue is proper in

this District under 28 U.S.C. § 1391(b)(2).

## IV.  Federal Rule of Civil Procedure 12(c)

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed but

within such time as not to delay the trial, any party may move for judgment on the pleadings."  Fed.

R. Civ. P. 12(c).  The standard applied to judgment on the pleadings under Rule 12(c) is the same

applied under Rule 12(b)(6).  *Haynes v. Metropolitan Life Ins. Co.*, 94 Fed. Appx. 956, 958 (3d Cir.

2004) (citing *Turbe v. Gov't of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991)).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true

all well-pled allegations in the complaint and all reasonable inferences that can be drawn therefrom

and construe them in the light most favorable to the plaintiff.  *Bracco Diagnostics, Inc. v. Bergen*

*Brunswig Drug Co.*, 226 F. Supp. 2d 557, 559 (D.N.J. 2002) (citing *Scheuer v. Rhodes*, 416 U.S.

232, 236 (1974)).  While Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain

statement of the claim," the information contained in the complaint must be sufficient to give the

defendant fair notice of plaintiff's claim and the grounds upon which it rests.   *Weston v.*

*Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001)).

In deciding a Rule 12(b)(6) motion, the court should consider "the allegations in the

complaint, exhibits attached to the complaint, matters of public record, and documents that form the

basis of a claim."  *Lum v. Bank of America*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re*

*Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).  A document forms the

basis of a claim if it is "integral to or explicitly relied upon in the complaint."  *Id.*  (emphasis

omitted)).  Such a document may be considered without converting the motion to dismiss on the

pleadings into one for summary judgment. *Burlington Coat Factory*, 114 F.3d at 1426 (citing *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

However, the court is "not compelled to accept 'unsupported conclusions and unwarranted inferences' or 'a legal conclusion couched as a factual allegation.'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal citations omitted). A court may dismiss a complaint for failure to state a claim if no relief could be granted under any facts that could be proved consistent with the allegations. *Wilson v Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989) (citing *Neitzke v. Williams*, 109 S. Ct. 1827, 1832 (1989)).

Defendants have requested, pursuant to Federal Rule of Evidence 201, that the Court take judicial notice of the following which are certified as true and accurate: the dates that Defendants held their respective offices; the Affidavit of Deputy Attorney General of the State of New Jersey Paul Heinzel dated April 19, 2002, in support of the motion to vacate Plaintiff's conviction and dismiss his indictment; the Transcript of Proceedings in *State of New Jersey v. Chepito Hilton*, No. 95-12-1453, November 14, 2003; and the Order entered by the Honorable Salem Vincent Ahto, J.S.C. on December 29, 2003, in *State of New Jersey v. Chepito Hilton*, No. 95-12-1453. These documents appear as Exhibits A, B, C and D, respectively, to the Certification of Deputy Attorney General of the State of New Jersey Tamara Rudow in support of the motion to dismiss the second amended complaint.[1] Because Defendants have requested that the Court take judicial notice of these documents and they are "capable of accurate and ready determination by resort to sources whose

---

[1] While Tamara Rudow fails to indicate that she submits her Certification on behalf of Colonel Williams as well, the Court assumes this omission was inadvertent because she is his attorney and moved on his behalf to dismiss the second amended complaint.

8

accuracy cannot reasonably be questioned,[2] the Court will take judicial notice of them pursuant to Rule 201(d).  There is no undue prejudice to Plaintiff.  Exhibits B, C and D are public records and all Exhibits are integral to Plaintiff's remaining claims.

Plaintiff did not request that this Court take judicial notice of the true and correct copies of documents he attaches as Exhibits A-J to the Certification of Benjamin Levine in support of the opposition to the motion to dismiss.  Nonetheless, the Court has reviewed the ten documents pursuant to Rule 201(c).  The documents include deposition testimony, memoranda, reports and training documents.  The only document integral to Plaintiff's remaining claims is Exhibit D, Plaintiff's January 24, 2007 deposition transcript.  Exhibits A-C and E-J are not relevant to Plaintiff's remaining claims, thus the Court does not rely on them to decide the motion to dismiss.

## V.  False Arrest, Illegal Search and Seizure, False Imprisonment, and Excessive Force

Section 1983 of Title 42 of the United States Code "creates a species of tort liability"[3] and subjects to liability:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

42 U.S.C. § 1983.  To establish a viable § 1983 claim, a plaintiff must demonstrate that "the conduct complained of was committed by a person acting under color of state law" and that "this conduct

---

[2] Federal Rule of Evidence 201(b).  *See Dorsett v. New Jersey State Police*, No. 04-5652, 2007 U.S. Dist. LEXIS 10512, at *7 n.4 (D.N.J. Feb. 15, 2007).

[3] *Heck v. Humphrey*, 512 U.S. 477, 483 (1994) (quoting *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305 (1986)).

deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)).

To establish that a defendant acted under color of state law, a plaintiff must demonstrate that the defendant "exercised power 'possessed by virtue of state law and made possible only because the [defendant] is clothed with the authority of state law.'" *Barna v. City of Perth Amboy*, 42 F.3d 809, 815-16 (3d Cir. 1994) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). A defendant is "a state actor when (1) he is a state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

To establish that a defendant violated a right secured by the Constitution or laws of the United States, a plaintiff must demonstrate that the defendant deprived it of such right as charged in the complaint. *Salerno v. O'Rourke*, 555 F. Supp. 750, 757 (D.N.J. 1983). A plaintiff must "identify the exact contours of the underlying right said to have been violated." *Downey v. The Coalition Against Rape and Abuse, Inc.*, 143 F. Supp. 2d 423, 437 (D.N.J. 2001) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). "By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-07 (3d Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

The Fourteenth Amendment to the U.S. Constitution provides, in pertinent part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1.

Federal courts look to state law to determine the statute of limitations period for § 1983 claims. *Wallace*, 127 S. Ct. at 1094 (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). Section 1983 claims are best characterized as personal injury claims and governed by the applicable state's statute of limitations for personal injury claims. *Id.* Under New Jersey Statute 2A:14-2, New Jersey provides for a two year statute of limitations period for personal injury torts. N.J. Stat. Ann. § 2A:14-2. "Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application." *Richards v. County of Morris*, No. 07-1995, 2007 U.S. Dist. LEXIS 49290, at *11 (D.N.J. July 5, 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 269 (1985)).

New Jersey Statutes set forth bases for tolling of statute of limitations periods. *See, e.g.*, N.J. Stat. Ann. § 2A:14-21 (2007) (tolling because of minority or insanity); N.J. Stat. Ann. 2A:14-22 (2007) (tolling because of nonresidency of persons liable). Under New Jersey common law, statute of limitations periods may be tolled for equitable reasons. *Freeman v. State*, 347 N.J. Super. 11, 31 (App. Div. 2002) (citing *Dunn v. Borough of Mountainside*, 301 N.J. Super. 262, 280 (App. Div. 1997) (tolling because claimant induced or tricked by adversary into allowing filing deadline to pass); *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (tolling because in some extraordinary way, claimant was prevented from asserting its rights, or tolling because claimant

11

timely asserted its rights in a defective pleading or wrong forum) (internal citations omitted)).

"However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of

equitable tolling should be applied sparingly and only in the rare situation where it is demanded by

sound legal principles as well as the interests of justice." *Freeman*, 347 N.J. Super. at 31 (citing

*Midgley*, 142 F.3d at 179).

When state tolling rules conflict with federal law or policy, federal courts can apply federal

equitable tolling of the statute of limitations period. *Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir.

2000) (citing *Heck v. Humphrey*, 997 F.2d 355, 358 (7th Cir. 1993)). Under federal law, equitable

tolling is appropriate:

> (1) where a defendant actively misleads a plaintiff with respect to her
> cause of action; (2) where the plaintiff has been prevented from
> asserting her claim as a result of other extraordinary circumstances;
> or (3) where the plaintiff asserts her claims in a timely manner but has
> done so in the wrong forum.

*Lake v. Arnold*, 232 F.3d at 370 n.9 (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d

1380, 1387 (3d Cir. 1994)).

The accrual date of a § 1983 claim is a question of federal law, which provides that "[accrual

occurs] when the plaintiff has 'a complete and present cause of action, . . . that is when 'the plaintiff

can file suit and obtain relief.'" *Wallace*, 127 S. Ct. at 1095 (quoting *Bay Area Laundry & Dry

Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). Stated differently,

the statute of limitations for § 1983 claims begins to run "when the wrongful act or omission results

in damages . . . even though the full extent of the injury is not then known or predictable." *Wallace*,

127 S. Ct. at 1097 (quoting 1 C. Corman, Limitation of Actions § 7.4.1. 526-527 (1991) (footnotes

omitted)). The Court of Appeals for the Third Circuit has held that "[a] claim accrues in a federal

cause of action as soon as a potential claimant either is aware, or should be aware, of the existence

of and source of an injury . . . not upon awareness that this injury constitutes a legal wrong."

*Oshiver*, 38 F.3d at 1386 (citing *Keystone Ins. Co. v. Houghton*, 863 F.2d 1125, 1127 (3d Cir.

1988)).

The statute of limitations for a § 1983 claim, alleging false imprisonment in violation of the

Fourth Amendment, begins to run when the false imprisonment ends. *Wallace*, 127 S. Ct. at 1095-96

(quoting 2 H. Wood, Limitation of Actions § 187d(4), 878 (4th rev. ed. 1916)). False imprisonment

ends, for example, when a court detains the § 1983 claimant pending his criminal trial. *Wallace*, 127

S. Ct. at 1096 (citing 1 D. Dobbs, Law of Torts § 39, 74, n.2 (2001)). The § 1983 claimant could

therefore file a suit for false imprisonment once he is detained without legal process, although the

statute of limitations does not begin to run on the false imprisonment until he is detained pursuant

to legal process. *Wallace*, 127 S. Ct. at 1096 n.3 (citing *Adler v. Beverly Hills Hospital*, 594 S.W.

2d 153, 156 (Tex. Civ. App. 1980)). A claim for false arrest is subsumed by a claim for false

imprisonment. *Wallace*, 127 S. Ct. at 1095. False imprisonment is detention without legal process,[4]

and damages for false imprisonment run until such detention ends. *Wallace*, 127 S. Ct. at 1096.

Once detention begins by wrongful institution of legal process, such as detention ordered by a court,

the tort of malicious prosecution is triggered. *Wallace*, 127 S. Ct. at 1096 (citing Keeton § 119, at

885-886).

Here, the § 1983 claims for false arrest, illegal search and seizure, false imprisonment,[5] and

---

[4] *Wallace*, 127 S. Ct. at 1095 (citing W. Keeton, et al., Prosser and Keeton on Law of Torts § 11, 54, § 119, 885-886 (5th ed. 1984)).

[5] Plaintiff bases his false imprisonment claim only on unlawful detention at the time of the traffic stop.

13

excessive force are dismissed with prejudice because they are time-barred.  These claims accrued on September 22, 1995, when Trooper Kronenfeld stopped the vehicle.  At the traffic stop, Plaintiff knew—or should have known— of his injuries that formed the basis of these claims.  At the traffic stop he knew that, for no good reason, the vehicle was stopped, he was detained, he was searched and his life was jeopardized.  (Sec. Am. Compl. ¶¶ 45-46, 48, 50-56, 58; Certification of Benjamin Levine, Exhibit D, Testimony of Hilton Chepito, January 24, 2007.)  Irrelevant to the accrual determination is whether Plaintiff knew of the full extent of his injuries or that Trooper Kronenfeld's actions constituted a legal wrong.  Because the accrual date is determined by an examination of the tort and injury, for accrual purposes it is irrelevant whether Plaintiff has asserted these claims as violations of the Fourth or Fourteenth Amendments to the U.S. Constitution.  Under both Amendments, these claims accrued on September 22, 1995.  Post *Wallace*, other Courts in this District agree that Fourteenth Amendment selective enforcement claims based on racial profiling accrue at the time of the traffic stop.  *See Richards*, No. 07-1995, 2007 U.S. Dist. LEXIS 49290, at *15-16; *Clarke v. New Jersey State Police*, No. 03-3240, 2007 U.S. Dist. LEXIS 93573, at *20-21 (D.N.J. Dec. 20, 2007).  But *see Gibson v. Superintendent of N.J. Dept. of Law & Public Safety - Division of State Police*, No. 02-5470, 2007 U.S. Dist. LEXIS 22871, at *15-16 (D.N.J. Mar. 29, 2007)).  Consequently, the two year limitations period for false arrest, illegal search and seizure, false imprisonment, and excessive force began to run on September 22, 1995.

Plaintiff does not qualify for statutory tolling.  And, because there is no allegation that Defendants induced or tricked Plaintiff into believing that he had no claim or that the filing deadline had passed or that Plaintiff was prevented in some extraordinary way from asserting his rights, there is no justification for equitable tolling.  Plaintiff did not file a defective pleading within the

limitations period or file a pleading in the wrong forum. As concealment of the pervasiveness of New Jersey's racial profiling does not justify tolling of the limitations period,[6] these claims were time-barred when Plaintiff filed the Complaint on December 29, 2004.

The *Heck* decision does not support Plaintiff's argument that the two year statute of limitations began to run on December 29, 2003, the date his indictment was dismissed and conviction vacated. The claims addressed in this section are not affected by the *Heck* decision. In *Heck*, the Supreme Court determined that because a malicious prosecution claim does not accrue until the conviction or sentence has been invalidated,[7] the limitations period begins to run when the conviction or sentence has been invalidated. *Heck*, 512 U.S. at 489-90 (citing 1 C. Corman, Limitation of Actions § 7.4.1, 532 (1991)). As such, *Heck* bars a § 1983 attack on the conviction or sentence. *Heck*, 512 S. Ct. at 486. Stated differently, if a judgment in a § 1983 action would necessarily imply the invalidity of a conviction or sentence, the § 1983 action must be dismissed. Because a judgment in a § 1983 action for false arrest, illegal search and seizure, false imprisonment, and excessive force would not necessarily imply the invalidity of a conviction or sentence, the *Heck* bar is inapplicable, and these claims accrue the moment the victim knows[8] or should know of the injury. *See Montgomery v. De Simone, PTL*, 159 F.3d 120, 126 n.5 (3d Cir. 1998) ("Because a conviction and sentence may be upheld even in the absence of probable cause for the initial stop and

---

[6] *See Freeman*, 347 N.J. Super. at 31-32.

[7] To establish malicious prosecution under § 1983 or New Jersey common law, a plaintiff must establish that his criminal proceeding ended in his favor.

[8] Plaintiff knew of his injuries on September 22, 1995. However, at the latest, Plaintiff knew of his injuries when he filed the motion to suppress for racial profiling, which occurred before his January 3, 1997 sentencing. Thus, by January 3, 1999, these claims were time-barred.

arrest, we find that [plaintiff]'s claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence.") (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)).

_____Because the claims for false arrest, illegal search and seizure, false imprisonment, and excessive force are dismissed with prejudice as time-barred, this Court need not address Defendants' other arguments in support of dismissal.

## VI. Malicious Prosecution

_____To establish malicious prosecution under § 1983, a plaintiff must demonstrate that:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Wilson v. N. J. State Police*, No. 04-1523, 2006 U.S. Dist. LEXIS 60514, at *27-28 (D.N.J. Aug. 15, 2006) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).  The first four elements comprise malicious prosecution under New Jersey common law.  *Wilson*, 2006 U.S. Dist. LEXIS 60514, at *28 (citing *Wiltz v. Middlesex County Office of the Prosecutor*, No. 05-3915, 2006 U.S. Dist. LEXIS 46821, *9 (D.N.J. July 10, 2006)).  Failure to prove any one of these elements  is a basis to deny a malicious prosecution claim.  *Wilson*, 2006 U.S. Dist. LEXIS 60514, at *28 (quoting *Wiltz*, 2006 U.S. Dist. LEXIS 46821, at *9).

### A. Favorable Termination

The second element of malicious prosecution, favorable termination, is established when the plaintiff is "innocent of the crime charged in the underlying prosecution."  *Hector v. Watt*, 235 F.3d

154, 156 (3d Cir. 2000)); *see also Freeman*, 347 N.J. Super. at 27 ("The inquiry into whether a termination was favorable focuses on whether it was dispositive as to the accused's innocence of the crime for which they were charged.") (citing *Rubin v. Nowak*, 248 N.J. Super. 80, 83 (App. Div. 1991)).  A conviction vacated because of colorable issues of racial profiling does not establish that plaintiff is innocent of the crime charged in the underlying prosecution.  Other Courts in this District agree.  *See Lane v. Whitman*, No. 02-4290, 2004 U.S. Dist. LEXIS 29983, at *17-18 (D.N.J. Feb. 18, 2004); *Wilson*, 2006 U.S. Dist. LEXIS 60514, at *29-30); *Dorsett*, No. 04-5652, 2007 U.S. Dist. LEXIS 10512, at *16-17; *Ramsey v. Dintino*, No. 05-5492, 2007 U.S. Dist. LEXIS 23517, at *33 (D.N.J. Mar. 30, 2007).

Here, Plaintiff cannot establish that he is innocent of possession of cocaine with intent to distribute.  Indeed, Plaintiff has not asserted that he is innocent of this crime.  (*See* Sec. Am. Compl.)  Rather than litigating the issues of selective enforcement, in the interests of justice, the State moved to vacate the judgments and dismiss the indictments against Plaintiff.  (Certification of Tamara Rudow, Ex. B, Aff. of Paul Heinzel in Support of Motion to Vacate Convictions, April 19, 2002; Sec. Am. Compl. ¶ 118.)  In granting the State's motion to dismiss the indictment and conviction, Judge Ahto did not find Plaintiff innocent of the crime.  (Certification of Tamara Rudow, Ex. C, Tr. of Proceedings in *State of New Jersey v. Chepito Hilton*, No. 95-12-1453, Nov. 14, 2003.)  The record is devoid of evidence that Plaintiff is innocent of possession of cocaine with intent to distribute, for which he pled guilty.  (Sec. Am. Compl. ¶ 59.)  Thus, Plaintiff cannot establish that his criminal proceeding ended in his favor, and the malicious prosecution claim is dismissed with prejudice.

Plaintiff relies to no avail on *Rubin* in support of his claim that he received a favorable

termination of the criminal proceedings.  In *Rubin*, the Appellate Court found that an administrative dismissal of charges, prior to presentation to the grand jury, was a favorable termination of a criminal proceeding for purposes of a malicious prosecution claim.  *Rubin*, 248 N.J. Super. at 84.  The Appellate Court determined that there was "nothing in the record to suggest that the prosecutor [dismissed the charges] for any reason other than a careful determination of plaintiff's innocence." *Rubin*, 248 N.J. Super. at 84.  The Court explained that a favorable termination inquiry should focus on "whether the termination was or was not dispositive as to the accused's innocence of the crime for which he was charged."  *Rubin*, N.J. Super. at 83.  This Court agrees.  Plaintiff's conviction and indictment were dismissed for colorable issues of racial profiling—not because Plaintiff is innocent of possession of cocaine with intent to distribute.

## B.  Probable Cause

The third element of malicious prosecution is established when the criminal proceeding is initiated without probable cause.  *Montgomery*, 159 F.3d at 124.  "Probable cause is established conclusively by a conviction, even if reversed on appeal, so long as the conviction was not obtained by 'fraud, perjury or other corrupt means.'"  *Freeman*, 347 N.J. Super. at 26 (citing *Lind v. Schmid*, 67 N.J. 255, 263-64 (1975)).  A victim of an illegal search and seizure "cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution."  *Townes v. City of New York*, 176 F.3d 138, 148 (2d Cir. 1999) (citing John C. Jeffries, Jr., Damages for Constitutional Violations: The Relation of Risk to Injury in Constitutional Torts, 75 Va. L. Rev. 1461, 1475 (1989)).

Here, even assuming Trooper Kronenfeld lacked probable cause to stop and search Plaintiff and the vehicle, there was probable cause to prosecute Plaintiff because he possessed cocaine as

evidenced by his guilty plea.  The record is devoid of evidence that the cocaine was planted or fraudulently produced by the State or that the guilty plea was achieved through perjury, fraud or corruption.  Thus, Plaintiff cannot establish that his criminal proceeding was initiated without probable cause, and the malicious prosecution claim is dismissed with prejudice.

Because the malicious prosecution claim is dismissed with prejudice for Plaintiff's failure to establish two elements of malicious prosecution, this Court need not address the remaining elements or Defendants' other arguments in support of dismissal.

**VII.  42 U.S.C. § 1985, 1986 and 1988**

The §§ 1985, 1986 and 1988 claims are not dismissed as Defendants have not satisfied their burden under Rule 12(c).  Defendants are permitted by February 18, 2008 to renew their motion to dismiss these claims or file a motion for summary judgment.  Plaintiff must file opposition by February 25, 2008, and Defendants must file their reply by March 3, 2008.

**VIII.  Conclusion**

For the reasons stated above, the claims for false arrest, illegal search and seizure, false imprisonment, excessive force, and malicious prosecution are dismissed with prejudice.  The §§ 1985, 1986 and 1988 claims survive the motion to dismiss.  An order follows.


**S/Susan D. Wigenton, U.S.D.J.**

cc: Judge Madeline Cox Arleo, U.S.M.J.